UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WASHINGTON LEGAL FOUNDATION )
2009 Massachusetts Ave., N.W. )
Washington, D.C. 20036, )
                                                           )
           Plaintiff,                                      )     CASE NUMBER 1:05CV01316
                                                           )
     v.                                                    )     JUDGE: Ricardo M. Urbina
                                                           )
SECURITIES AND EXCHANGE COMMISSION )                       DECK TYPE: FOIA/Privacy Act
450 Fifth Street, N.W.                                     )
Washington, D.C. 20549-0207,                               )     DATE STAMP: 06/30/2005
                                                           )
           Defendant.                                      )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq., as amended*, to compel compliance with the FOIA, including the production of documents requested by the Plaintiff relating to a complaint filed by the Plaintiff with the Defendant regarding questionable conduct and collaboration between short-sellers of stock in publicly traded companies and counsel for the class in certain class actions filed against those same targeted companies.

**JURISDICTION**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1361 (mandamus).

**PARTIES**

3. Plaintiff Washington Legal Foundation (WLF) is a national nonprofit public interest law and policy center incorporated under the laws of the District of Columbia and

2

located in Washington, D.C. Plaintiff WLF is the requestor of the withheld records.

4. Defendant Securities and Exchange Commission (SEC) is an agency of the United States, and has possession of and control over the records that Plaintiff seeks.

## STATEMENT OF FACTS

5. As part of WLF's INVESTOR PROTECTION PROGRAM, WLF filed a "Complaint Requesting Investigation of Short-Selling" with the Defendant SEC dated January 21, 2003. In particular, WLF requested that the SEC investigate the facts and circumstances of the short-selling of stock in J.C. Penney Co. that occurred shortly before and after the filing of a class action lawsuit against Eckerd Drug Store, which was then owned by J.C. Penney Co. WLF's Complaint was based on a front-page WALL STREET JOURNAL story by David Armstrong and Ann Zimmerman, *Suit Batters Penney Shares, But Serves Short-Sellers Well*, WALL ST. JOURNAL (Jan. 6, 2003). The Complaint requested that the SEC investigate whether there may have been a violation of the securities laws and regulations with respect to the timing of the lawsuit and the communications between the short-sellers of the company's stock and class counsel suing the company.

6. WLF, having failed to receive any information regarding the status of its Complaint, submitted a FOIA request dated August 20, 2003 (FOIA Request No. 03-5185). The request sought four categories of documents and records relating to (1) complaints filed with the SEC against short-sellers for attempting to depress the price of stock of a company by disseminating negative information about that company; (2) complaints regarding certain communications or collaboration between class action counsel and traders; (3) WLF's January 21, 2003 Complaint and its handling and disposition by the SEC; and (4) staff

3

manuals, directives, and other documents describing how the Commission and the staff are supposed to investigate, handle, and dispose of complaints filed by members of the public alleging violations of the securities laws.

7. WLF repeatedly contacted the SEC's FOIA office urging the agency to respond to the FOIA request and provided additional information that was requested to facilitate the agency search for the documents.

8. By letter dated March 21, 2005, a final response to the FOIA request was sent by the Defendant agency to WLF. The response apologized for the inordinate delay, but indicated that the SEC "found no information responsive to [WLF's] request," claiming the SEC does not maintain "a database that captures the type of information" for requested items 1-3, and that a search found no documents for item 4. The letter also advised WLF of its appeal rights.

9. By letter dated April 22, 2005, WLF duly filed an appeal of the final response by certified mail with the General Counsel of the SEC and the SEC's FOIA Office as required by 17 C.F.R. §§ 200.80(d)(5), (6). The appeal was received on April 29, 2005. The appeal challenged the scope of the search and the SEC's claim that no documents were found, a claim particularly implausible with respect to agency documents relating to the handling of WLF's January 23, 2003 Complaint.

10. Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), the agency's response to an appeal is required to be made within 20 business days, unless the agency provides a written notice setting forth unusual circumstances requiring extension of the response period, but for no more than 10 working days. 5 U.S.C. § 552(a)(6)(B)(i).

4

11. Because no written notice requiring an extension to process WLF's appeal was made by the agency, the appeal filed by Plaintiff WLF should have been decided by May 27, 2005. But even if an additional 10 working days were requested, the response date would have been June 13, 2005.

12. As of June 29, 2005, there has been no response to Plaintiff's administrative appeal of the Defendant's final decision, and no documents have been produced.

13. As of June 29, 2005, the SEC has neither provided a written notice of any extension, nor indicated to WLF when it might respond to the administrative appeal.

14. Because the SEC has failed to respond timely to WLF's FOIA appeal, Plaintiff WLF has exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C).

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

15. Plaintiff incorporates by reference the allegations of all the foregoing paragraphs as if fully set forth herein.

16. Defendant SEC's failure to respond to WLF's administrative appeal of its final decision within 20 business days as required by 5 U.S.C. § 552(a)(6)(A)(ii) violates FOIA and is unlawful.

## SECOND CLAIM FOR RELIEF

17. Plaintiff incorporates by reference the allegations of all the foregoing paragraphs as if fully set forth herein.

18. Defendant SEC's failure to provide the records that Plaintiff has requested violates FOIA and is unlawful.

5

## THIRD CLAIM FOR RELIEF

19. Plaintiff incorporates by reference the allegations of all the foregoing paragraphs as if fully set forth herein.

20. Defendant SEC's failure to conduct a search of its records reasonably calculated to uncover all relevant documents violates FOIA and relevant case law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(1) Declare that the Defendant's failure to respond to Plaintiff's appeal of its final decision is unlawful;

(2) Declare that the Defendant's failure to provide documents responsive to Plaintiff's FOIA request is unlawful;

(3) Declare that the Defendant's search for documents responsive to Plaintiff's FOIA request was not reasonably calculated to discover relevant documents;

(4) Order the Defendant to make the requested documents available to Plaintiff;

(5) Award Plaintiff its costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*[signature]*
Daniel J. Popeo
Paul D. Kamenar, D.C. Bar No. 914200
WASHINGTON LEGAL FOUNDATION
2009 Massachusetts Ave., NW
Washington, DC 20036
(202) 588-0302

Dated: June 30, 2005                    Counsel for Plaintiff

CO-386-online
10/03

# United States District Court
# For the District of Columbia

| | | |
|---|---|---|
| WASHINGTON LEGAL FOUNDATION | ) ) ) ) | |
| vs  Plaintiff | ) ) ) | Civil Action No._____ |
| SECURITIES AND EXCHANGE COMMISSION | ) ) ) ) | |
| Defendant | ) | |

### CERTIFICATE RULE LCvR 7.1

I, the undersigned, counsel of record for __PLAINTIFF_____ certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of __WASHINGTON LEGAL FOUNDATION__ which have any outstanding securities in the hands of the public:

**NONE**

These representations are made in order that judges of this court may determine the need for recusal.

Attorney of Record

_____[signature]_____
Signature

914200
BAR IDENTIFICATION NO.

PAUL D. KAMENAR
Print Name

2009 MASSACHUSETTS AVE., NW
Address

WASHINGTON, DC    20036
City          State          Zip Code

202-588-0302
Phone Number